| UNITED STATES BANKRUPTCY COURT |
| District of New Jersey |
| |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| |
| Albert Russo |
| Cn 4853 |
| Trenton, NJ  08650 |
| |
| (609) 587-6888 |

**Order Filed on June 29, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

Lauren Dunham

Debtor(s)

Case No.: 18-10793 / CMG

Hearing Date:  06/20/2018

Judge: Christine M. Gravelle

Chapter: 13

# ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: June 29, 2018**

_Christine M. Gravelle_
Honorable Christine M. Gravelle
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 05/16/2018, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of  36 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$1,550.00 PAID TO DATE

$150.00 for 31 months beginning 7/1/2018

**ORDERED** that the case is confirmed with a calculated plan funding of $6,200.00. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED**  that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that the debtor(s) must keep the Standing Trustee updated with the status of the debtor(s) pending lawsuit, and any non-exempt proceeds from said lawsuit shall be paid to the Trustee for the benefit of creditors.

**LAWSUIT DETAILS:  PERSONAL INJURY SUIT AND DISCRIMINATION SUIT**

**ORDERED** that the debtor(s) must obtain a loan modification by 9/1/2018 or as extended by Loss Mitigation Order.

- Creditor EMBRACE HOME LOANS c/o ROUNPOINT MORTGAGE SERVICING, PACER claim #9-1, will be paid through the Chapter 13 Plan until an Amended Proof of Claim is filed.